*412 OPINION.
Marqttette
: The facts with reference to the Nats am Features Co. show that 40 per cent of the stock of that corporation was owned by others than the Goldsteins, and there is no evidence tending to prove that the minority stock was controlled by them. The mere fact of family and business relationship, standing alone, is insufficient to constitute control or to warrant a holding that persons standing in such relationship constitute the same interest with the majority. The extent of the Goldsteins’ control is a matter of speculation, and the facts with reference to the Nats am Features Co. are insufficient to warrant affiliation.
Assuming that the Goldsteins controlled the stock owned by the taxpayer in the Victory Theatre Co., the proof shows actual ownership by the Goldsteins of 83½ per cent from July 21, 1919, to June 1, 1920, and, to an increased percentage, a control through the taxpayer from June 1, 1920, to September 13, 1920, when the issuance of 141 shares to other persons reduced the percentage of the Gold-steins’ ownership and control to about 75 per cent. The issuance of 35 shares to the taxpayer on December 20, 1920, did not serve materially to increase the control of the Goldstein interests. No actual control of the stock of the minority interests is shown, the only evidence being to the effect that the minority was quiescent and permitted the Goldstein interests to manage the affairs of the corporation. True, certain of the stockholders had agreed to sell their stock to the corporation at the price offered by any other person but not in excess of the book value, but there was no obligation upon the corporation to purchase, and we are unable to see how a mere option to purchase can constitute control of the stock.
In the circumstances of this appeal, we are of opinion that an ownership and control of 75 per cent of the stock of a corporation by the same interests is insufficient to constitute a control of substantially all the stock, and the Victory Theatre Co. and the taxpayer can not be affiliated upon that ground during the years in question. The same conclusion results if the taxpayer and the Victory Theatre Co. are attempted to be affiliated through the ownership by the taxpayer of stock in the Victory Theatre Co. If we assume that the taxpayer controlled the Goldstein holdings and that those two constituted closely affiliated interests, there is still no evidence of control of approximately 25 per cent of the stock, and we are unable to hold that it owned or controlled, through closely affiliated interests, substantially all the stock of the theatre company.